

## NUMBER 13-03-00392-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**BARRY LOUIS PIZZO,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 12th District Court of Grimes County, Texas.

## MEMORANDUM OPINION ON REMAND

**Before Chief Justice Valdez and Justices Yañez and Rodriguez Memorandum Opinion on Remand by Justice Rodriguez**

A jury found appellant, Barry Louis Pizzo, guilty of indecency with a child. It sentenced him to nine years imprisonment and assessed a $7,000.00 fine. On original submission, relying on *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991) (en banc), and finding that the jury instruction properly charged different methods of commission disjunctively, this Court affirmed. *See Pizzo v. State, No*. 13-03-392-CR, 2005

Tex. App. LEXIS 5457, at *2-4 (Tex. App.–Corpus Christi July 14, 2005) (mem. op. not designated for publication), *rev'd*, 235 S.W.3d 711 (Tex. Crim. App. 2007). The Texas Court of Criminal Appeals granted review and found error. *Pizzo v. State*, 235 S.W.3d 711, 714, 719 (Tex. Crim. App. 2007). Concluding that "the jury instruction improperly charged two separate offenses in the disjunctive and therefore permitted a conviction on less than a unanimous verdict," it reversed our judgment and remanded this case for a harm analysis. *Id.* On remand, because we find some harm, we reverse the judgment of the trial court and remand for a new trial.

## I. Background

The court of criminal appeals set out the background in this case as follows:

Pizzo was charged with, among other things, indecency with a child by contact in violation of Section 21.11(a)(1) of the Penal Code.[1] Counts II and III of the indictment alleged that Pizzo

> on or about the 21st day of June, 2001 . . . did then and there, with the intent to arouse and gratify the sexual desire of said Defendant, intentionally and knowingly engage in sexual contact by touching the GENITALS AND BREASTS, of [A.S.], a child younger than 17 years of age and not the spouse of the Defendant.

The evidence presented at trial showed that on two separate occasions—one in A.S.'s house and one in Pizzo's trailer—Pizzo touched both the breasts and genitals of A.S. At the charge conference, asserting his right to a unanimous jury verdict, Pizzo objected to the proposed charge because the application paragraphs as to Counts II and III set out the form of sexual contact in the disjunctive. Pizzo stated:

> the words 'breast' or 'genitals' in each, are charged obviously in the disjunctive. I'm requesting that they be charged in the conjunctive with an 'and' because otherwise, you don't know if six jurors decided 'genitals' and six decided 'breasts,' and the possibility of a non-unanimous verdict because it's charged in the same paragraph.

---

[1] EX. PENAL CODE ANN. § 21.11(a)(1) (Vernon Supp. 2000); *id.* § 21.01(2) (Vernon Supp. 1989), Acts, 1979, 66th Leg., ch. 168, § 1, eff. Aug. 27, 1979. (Footnote in original.)

The trial judge overruled the objection and the charge submitted to the jury on Counts II and III read, in part, as follows:

> if you find from the evidence, beyond a reasonable doubt, that on or about the 21st day of June, 2001 in Grimes County, Texas the defendant, BARRY LOUIS PIZZO, did then and there intentionally or knowingly engage in sexual contact with [A.S.] by touching the genitals or breasts of [A.S.], and [A.S.] was then and there under the age of seventeen years and not the spouse of the defendant, and that said act, if any, was committed with the intent on the part of the defendant to arouse or gratify the sexual desire of himself, then you will find the defendant guilty . . . .

As to Count II, the jury found Pizzo guilty and sentenced him to nine years' imprisonment and assessed a $ 7,000 fine. And, as to Count III, the jury found Pizzo not guilty.

*Pizzo*, 235 S.W.3d at 712-13 (remaining footnotes omitted). Finally, as to Count I, the jury found Pizzo not guilty of sexual assault of a child—an act of oral sex that allegedly occurred on June 21, 2001.

Pizzo appealed his conviction under Count II, asserting in his sole point of error that the trial judge erred "by overruling his objection to the court's charge requesting that the terms 'breast or genitals' be charged in the conjunctive rather than in the disjunctive." *Id.* at 713. Relying on *Kitchens*, we concluded that because the touching of the breasts and genitals occurred during the same encounter, they were not separate offenses but were only different means of committing the offense of indecency with a child by contact; thus, there was no error. *Pizzo*, 2005 Tex. App. LEXIS 5457 at *3-4 (citing *Kitchens*, 823 S.W.2d at 258).

The court of criminal appeals granted Pizzo's petition for discretionary review. *Pizzo*, 235 S.W.3d at 714. In its opinion, after extensively analyzing sections 22.11 and 22.01 of the penal code, the court concluded that the offense of indecency with a child was

3

a conduct-oriented offense. *See id.* at 714-19 (citing *Stuhler v. State*, 218 S.W.3d 706, 718-19 (Tex. Crim. App. 2007); *Vick v. State*, 991 S.W.2d 830, 832-33 (Tex. Crim. App. 1999)). The court explained that,

> "[s]exual contact" . . . criminalizes three separate types of conduct—touching the anus, touching the breast, and touching the genitals with the requisite mental state.[2] Therefore, each act constitutes a different criminal offense and juror unanimity is required as to the commission of any one of these acts. Because the indictment charged Pizzo with touching the breasts and genitals of A.S. in the conjunctive, Pizzo's right to a unanimous verdict was possibly violated by the trial judge's jury instruction charging breasts and genitals in the disjunctive. . . . [T]he instruction here allowed the jury to convict Pizzo without reaching a unanimous verdict on the same act. It is possible that six jurors convicted Pizzo for touching the breasts of A.S. while six others convicted Pizzo for touching the genitals of A.S.

*Id.* at 719 (footnote added). Because the trial judge's jury instruction permitted a conviction on less than a unanimous verdict, the court of criminal appeals concluded we erred in holding otherwise and reversed the judgment of the trial court and remanded the case to this Court for a harm analysis under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (en banc). *Id.*

## II. Applicable Law

"Under our state constitution, jury unanimity is required in felony cases, and, under our state statutes, unanimity is required in all criminal cases." *Id.* (quoting *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005) (en banc)). "The unanimity requirement is undercut when a jury risks convicting the defendant on different acts, instead of agreeing

---

[2]Section 21.11 provides the following: "(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he: (1) engages in sexual contact with the child; . . . ." TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2003). The definition of "sexual contact" in effect when Pizzo committed the offense was "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." *Id.* § 21.01 (2) (currently codified at TEX. PENAL CODE ANN. § 22.11(c) (Vernon 2003), Acts 77th Leg., ch. 739 § 2, eff. Sept. 1, 2001).

4

on the same act for a conviction." *Francis v. State*, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000). Error having been found in this case, we must now evaluate whether sufficient harm resulted to require reversal. *See Abdnor v. State*, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994) (en banc).

Pizzo properly objected to the improper charge; therefore, reversal is required if the error is "calculated to injure the rights of defendant," which means no more than that there must be some harm to the accused from the error. *Almanza*, 686 S.W.2d at 171; *see* TEX. CODE CRIM. PROC. ANN. art. 36.19 (Vernon 2006); *see also Abdnor*, 871 S.W.2d at 731-32. In other words, an error, properly preserved, will call for reversal as long as the error is not harmless. *Almanza*, 686 S.W.2d at 171. The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole. *Id.*; *compare Landrian v. State*, No. 01-05-00697-CR, 2007 Tex. App. LEXIS 6290, *20-27 (Tex. App.–Houston [1st Dist.] August 9, 2007, pet. granted) (designated for publication) (analyzing four *Almanza* factors and finding some harm in a less-than-unanimous-verdict aggravated assault case) and *Giesberg v. State*, 945 S.W.2d 120, 130-31 (Tex. App.–Houston [1st Dist.] 1997) (supplemental opinion on motion for rehr'g) *aff'd*, 984 S.W.2d 245 (Tex. Crim. App. 1998) (analyzing four *Almanza* factors and finding no harm in a less-than-unanimous-verdict murder case) *with In re M.P.*, 126 S.W.3d 228, 232 (Tex. App. San Antonio 2003, no. pet.) (concluding M.P. clearly suffered at minimum some harm from this jury charge since it is unclear whether the jury was unanimous in finding M.P. guilty of any of the offenses listed in the charge, without analyzing the four *Almanza* factors in a juvenile matter) and *Francis v. State*, 53 S.W.3d

5

685, 687 (Tex. App.–Fort Worth 2001, pet. ref'd) (holding that some harm was shown because the jury was capable of returning a less than unanimous verdict, without analyzing the four *Almanza* factors in an indecency-with-a-child case).

### III.  Harm

### A.  The Entire Jury Charge

The jury instruction regarding Count II indecency with a child charged two separate offenses in the disjunctive, allowing for the possibility of six jurors convicting Pizzo for touching the breasts of A.S. and six others convicting Pizzo for touching the genitals of A.S., as the court of criminal appeals concluded in finding error.  This possibility is enough for a determination of error in the unanimity of a charge.  *See Pizzo*, 235 S.W.3d at 719.

Our review of the entire jury charge also reveals that the charge contained a second application paragraph—Count III indecency with a child—that used language identical to that used in the application paragraph for Count II.  It, too, charged that the jury was to find Pizzo guilty if it concluded that he "engage[d] in sexual contact with [A.S.] by touching the genitals or breasts of [A.S.] . . . and that said act, if any, was committed with the intent on the part of the defendant to arouse or gratify the sexual desire of himself . . . ."  With this application paragraph the jury was charged to consider two separate offenses—touching the genitals of A.S. or touching the breasts of A.S. on a second occasion.  Pizzo was found guilty of Count II and was acquitted of Count III.  He was also acquitted of Count I, the sexual assault charge.

Based on our review of the trial record, we cannot determine of which act or acts Pizzo was acquitted in Count III.  Perhaps the jury found appellant not guilty of the touchings that allegedly occurred at A.S.'s house because it also acquitted Pizzo of sexual assault, an act that allegedly happened during the same episode.  Or, perhaps the jury

6

acquitted Pizzo for the alleged touchings that occurred at the trailer because it determined that the counts were set out chronologically and Count II referred to the episode at A.S.'s house and Count III to the episode that happened later at Pizzo's trailer. We can only speculate as to which offense the jury found Pizzo guilty and which offense it found him not guilty and as to whether this affected the unanimity of the verdict.

In addition, the application paragraph submitted to the jury on Count II did not instruct the jury that it must be unanimous in deciding which one (or more) of the submitted offenses it found Pizzo committed. As the court of criminal appeals expressed in *Ngo*, while we acknowledge that the words "unanimous" or "unanimously" are not required in a jury charge, because Texas law explicitly requires a jury's verdict to be unanimous, the addition of the word before the description of each distinct criminal act in an application paragraph would "merely be one way to implement that legal requirement." 175 S.W.3d at 749 n.44. Moreover, while the charge generally referred to a unanimous verdict, it did so only when the jury was instructed with regard to its deliberations—"when you have unanimously agreed upon a verdict" and "[a]fter you have reached a unanimous verdict." And, there was not a separate general unanimity instruction in the application paragraphs.

## B. The Evidence

The court of criminal appeals found the evidence showed that Pizzo touched both the breasts and genitals of A.S. on two separate occasions—at the house and in the trailer. *See Pizzo*, 235 S.W.3d at 712-13. This evidence, however, was contested by testimony provided by Pizzo, who denied committing any of the offenses. Additionally, at trial, after a day of cross-examination, A.S. admitted that she was not "completely honest" the previous day. Pizzo, likewise, presented trial testimony that conflicted, as all parties agree, with portions of a statement he had given in this case. With one guilty verdict and two not

7

guilty verdicts, the jury possibly questioned the credibility of both witnesses. Moreover, as often happens in an indecency-with-a-child case, there were no eyewitnesses.

## C. Argument of Counsel

The State did not address juror unanimity in its closing argument, either generally or specifically as to each count. During the charge conference outside the presence of the jury, following Pizzo's objection that there was a possibility of a non-unanimous verdict because the offenses were charged in the disjunctive, the State responded that "[t]he law exists that you can plead manner and means in the conjunctive and prove in the disjunctive." As determined by the court of criminal appeals in this case, this is an incorrect statement of law. *See Pizzo*, 235 S.W.3d at 714-19. However, our review of the record, specifically voir dire and closing argument, reveals no occasion where the State made misstatements of law to the jury regarding the requirement of a unanimous verdict, and Pizzo raises no such contention.

## D. Other Relevant Information

During voir dire the trial court correctly informed the jury that "in a criminal case the verdict must be unanimous." However, a note from the jury to the court during deliberations suggests some confusion regarding unanimity. The note read as follows: "Do the counts in the charge have to be tied to each of the specific instances we have heard evidence about?" The trial court's response was "yes."

## E. Determination of Some Harm

The charge did not require the jury to decide unanimously whether appellant touched the breasts of A.S. or to decide unanimously whether appellant touched the genitals of A.S.—two separate offenses for which a unanimous verdict is required. This error was further compounded by the inclusion of a second application paragraph using

8

identical language for a second indecency-with-a-child count. There is no reference in the charge or in the record as a whole to which episode each application paragraph applied. Additionally, the jury appeared concerned about how the counts were to be "tied" to "each of the specific instances" about which evidence was heard. These charge-related matters favor a finding of some harm.

Regarding the state of the evidence, there was conflicting testimony provided by the victim and Pizzo, both of whom had their credibility attacked. Concluding that every member of the jury unanimously believed A.S. with regard to either the touching of the breast or the touching of the genitals as charged in Count II, or with regard to both, would be mere speculation. Therefore, we conclude that the status of the evidence supports a finding of some harm.

Finally, from our review of the record, including voir dire and the State's argument, we have identified no other instances that would impact our determination of harm in this case.

Based on the above, we conclude some harm has been shown to Pizzo from the error. *See Almanza*, 686 S.W.2d at 171. We sustain Pizzo's sole issue.

## IV. Conclusion

We reverse the trial court's judgment and remand this case to the trial court for a new trial.

 

 

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion on Remand delivered
and filed this 17th day of July, 2008.